Miller v. Holtzbrinck Publishers, L.L.C.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand ten.**

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges*,
> STEFAN R. UNDERHILL,[*]
> > *Judge.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DIANNE MILLER,

> *Plaintiff-Appellant*,

> v.                                                                         09-0919-cv

HOLTZBRINCK PUBLISHERS, L.L.C., MACMILLAN PUBLISHERS, INC., SAINT MARTIN'S PRESS, HEATHER HUNTER, MICHELLE VALENTINE,

> *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**                    ELIZABETH UNGER CARLYLE, The Colom Law Firm, Columbus, MS.

----

[*] The Honorable Stefan R. Underhill, of the United States District Court of the District of Connecticut, sitting by designation.

**FOR APPELLEES:**    ROBERT D. BALIN, (Deborah A. Adler, *on the brief*), Davis Wright Tremaine LLP, New York, NY,
   *for Holtzbrinck Publishers, L.L.C, MacMillan Publishers, Inc., Saint Martin's Press, LLC, and Michelle Valentine.*

ALAN D. KAPLAN, Herrick, Feinstein LLP, New York, NY,
   *for Heather Hunter.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Dianne Miller appeals from a March 10, 2009 judgment of the District Court, which granted defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) and dismissed plaintiff's complaint with prejudice.  On appeal, plaintiff argues that the District Court erred in granting defendants' motions to dismiss because the Copyright Act of 1976 ("the Copyright Act"), 17 U.S.C. §10 *et seq.* does not preempt plaintiff's claims that defendants Holzbrinck Publishers, L.L.C., MacMillan Publishers, Inc., Saint Martin's Press, and Michelle Valentine (collectively, "third-party defendants") tortiously interfered with Miller's business relationship with defendant Heather Hunter ("Hunter") or her claims that the third-party defendants improperly converted Miller's manuscript of Hunter's memoirs recounting Hunter's career as the star of so-called adult films.  Plaintiff also argues on appeal that the District Court erred in concluding that her complaint failed to state facts sufficient to give rise to an inference of the scienter required to state a claim for fraud against Hunter.  We assume the parties' familiarity with the facts and procedural history of this case.

We review a district court's dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

First, we consider Miller's claims against the third-party defendants.  The Copyright Act preempts a state law claim when: "(1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004).  State law claims may proceed only if those claims contain "extra elements that make it qualitatively different from a copyright infringement

2

claim." *Id.* In applying this standard, "we take a restrictive view of what extra elements transform an otherwise equivalent [state law] claim into one that is qualitatively different from a copyright infringement claim." *Id.* at 306; *accord Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 851 (2d Cir. 1997). More specifically, "[i]f unauthorized publication is the gravamen of [plaintiff's] claim, then it is clear that the right [she] seek[s] to protect is coextensive with an exclusive right already safeguarded by the [Copyright] Act" and thus that state law claim is preempted. *Harper & Row Publishers, Inc. v. Nation Enterprises*, 723 F.2d 195, 201 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 359 (1985) (holding that plaintiff's claims of tortious interference and conversion were preempted by the Copyright Act).

Applying the above framework to this case, we conclude that the Copyright Act preempts Miller's claims of tortious interference and conversion. Here, as in *Harper & Row*, "unauthorized publication is the gravamen of [her] claim." *Id.* As the District Court stated, "[h]er case rests on her theory that [the third-party defendants] tortiously interfered with her business relations and converted her literary work by publishing the book without authorization [by her] or credit [to her]." *Miller v. Holtzbrinck Publishers, L.L.C.*, 2008 U.S. Dist. LEXIS 92038 at *8 (S.D.N.Y. Nov. 12, 2008). For this reason, we conclude that Miller's claims against the third-party defendants are preempted by the Copyright Act.

Next, we consider Miller's fraud claim against Hunter. Miller's complaint alleges that Hunter fraudulently induced Miller to write Hunter's memoirs. Specifically, the complaint alleges that Hunter orally promised to pay Miller "at least $25,000 from Hunter's advance royalties," and an unspecified portion of Hunter's royalties after the book had been published. Miller, relying on that promise, wrote a manuscript that was eventually published. According to Miller's complaint, Hunter did not pay Miller the promised sums and, indeed, did not intend to pay Miller at the time she promised to do so.

Miller did not expressly plead a breach of contract claim, but the essence of her fraud claim is that Hunter did not intend to perform the parties' oral agreement. Under New York law, "'general allegations that defendant entered into a contract while lacking the intent to perform it are insufficient to support [a fraud] claim.'" *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 416 (2d Cir. 2006) (quoting *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 318 (1995)). *Accord Grappo v. Alitalia Linee Aeree Italiane, S.P.A.*, 56 F.3d 427, 434 (2d Cir. 1995) ("A cause of action for fraud does not generally lie where the plaintiff alleges only that the defendant entered into a contract with no intention of performing."). As we have recognized, however, under New York law, "not every fraud claim is foreclosed in an action also involving a contract." *Wall*, 471 F.3d at 416 (citation omitted).

To maintain a fraud claim based on intentionally-false statements indicating an intent to perform under a contract, "a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract . . .; (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract . . .; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages . . . ." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98

3

F.3d 13, 20 (2d Cir. 1996).  Miller apparently seeks to satisfy the third exception, but fails to do so because she has not alleged any actual pecuniary loss stemming from the fraud.  *See Lehman v. Dow Jones & Co., Inc.*, 783 F.2d 285, 296 (2d Cir. 1986) (citing leading treatise and cases).

Miller's complaint fails to allege a cause of action that falls within one of these three narrow exceptions.  Accordingly, we concluded that the District Court did not err in dismissing Miller's claim against Hunter.

## CONCLUSION

For the reasons stated above, we conclude that the District Court did not err in dismissing Miller's complaint with prejudice.

Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4